UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

CLAYTON'S AUTO GLASS, INC.,
LAURA TAYLOR, LINSCOTT LAW       :
FIRM, PLLC, and APRIL M. LINSCOTT,
individually and behalf of all others        :
similarly situated,

                                  :

                   *Plaintiffs*,          Index No. 12-cv-05018-JS-AKT

                                  :

                 -against-

                                  :

FIRST DATA CORPORATION,
FIRST DATA MERCHANT SERVICES       :
CORPORATION, and DOES 1-25,
Inclusive,                            :

                *Defendants*.     :

-----------------------------------------------------------------x

# RESPONSE IN OPPOSITION TO PLAINTIFFS'
# MOTION FOR RECONSIDERATION

SUTHERLAND ASBILL & BRENNAN LLP
The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036-7703
212-389-5000

*Attorneys for Defendants First Data
Corporation and First Data Merchant Services
Corporation*

On September 30, 2013, the Court entered an order dismissing Plaintiffs' complaint for failure to state a claim. (Order, Doc. 29.) The Court dismissed two counts of the complaint—the claims for violation of Florida insurance law and for common-law fraud—without prejudice. Plaintiffs now ask the Court to reconsider its comprehensive, twenty-page order of dismissal. Plaintiffs' motion specifically seeks reconsideration of the dismissal of their Florida insurance law claim and their claim for unjust enrichment (which was dismissed with prejudice). Plaintiffs' motion points to no information or controlling decisions overlooked by the Court in its original order—indeed Plaintiffs invite the Court to ignore (or "distinguish") a decision of the Florida Supreme Court interpreting Florida law. The motion is nothing more than a rehashing of arguments already raised and rejected. Because the motion both fails to meet the requirements for a motion for reconsideration and provides no basis for reconsideration of the Court's September 30 order, the motion for reconsideration should be denied.

## ARGUMENT

A motion for reconsideration is appropriate only where the Court has "overlooked important 'matters or controlling decisions' that would have influenced the prior decision." *Baumgarten v. Suffolk County*, No. 12-CV-0171 (JS)(AKT), 2013 WL 3973089, at \*6 (E.D.N.Y. July 31, 2013) (quoting *Shamis v. Ambassador Factors Corp.*, 187 F.R.D. 148, 151 (S.D.N.Y.1999)). "Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion." *Id*. (citing *United States v. Gross*, No. 98 CR 0159 SJ, 2002 WL 32096592, at \*4 (E.D.N.Y. Dec. 5, 2002)). A motion for reconsideration is not "an opportunity to reargue the same points raised previously," *id*. (quoting *Gross*, 2002 WL 32096592, at \*4), "[n]or is it proper to raise new arguments and issues," *id*. (citing *Lehmuller v. Inc. Vill. of Sag Harbor*, 982 F. Supp. 132, 135 (E.D.N.Y.

1997)).  Reconsideration may not be granted unless "the Court did not evaluate decisions or data

that might reasonably be expected to alter the conclusion reached by the Court."  *Id*. (citing

*Wechsler v. Hunt Health Sys.*, 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002)).

Plaintiffs fall far short of this standard.  They point to no data or decisions overlooked by

the Court in dismissing the Florida insurance law claims.  Rather the opposite is true.  Plaintiffs

simply repeat the factual allegations and legal arguments already rejected by the Court and ask

the Court to ignore controlling authority.   Plaintiffs' argument regarding their unjust enrichment

claim also is meritless, as it is derivative of their other arguments and further ignores

independent bases on which the Court dismissed this claim.

**I.**     **Plaintiffs Point to No Matters or Decisions Overlooked by the Court in Dismissing
         Their Claim Under Florida Insurance Law.**

Initially, Plaintiffs claim that the Court's order "overlooks" allegations that "First Data

customers who did not elect to have the 'equipment insured under First Data's insurance policy'

were being automatically enrolled in the program and charged a monthly premium."  (Pls.'

Mem., Doc. 34, at 2 (emphasis removed) (citing Compl. ¶ 25).)  The Court, however, directly

acknowledged this allegation in its order, noting the complaint's assertion that customers who

did not provide proof of insurance were automatically enrolled and charged "hidden" fees.

(Order at 5 & n.4 (citing Compl. ¶ 25).)  As the Court further noted, Plaintiffs' complaint does

not actually allege whether either named Plaintiff was automatically enrolled or instead elected

to participate.  (*Id*. at 5–6.)  The Court did not overlook these allegations, but considered them

and found they did not state a claim under Florida insurance law.  And Plaintiffs do not now

explain how these allegations are relevant to this claim, merely making the unsupported

statement that the fees are the result of the alleged Florida insurance law violations.  (Pls.' Mem.

at 2.)  If Plaintiffs believe they have a fraud claim (*see also id*. at 7–8), they must plead it in compliance with Federal Rule of Civil Procedure 9(b).

Plaintiffs' other arguments are similarly meritless.  Payment of premium is not "damage" unless the promised coverage is not provided.   As there is (and can be) no allegation here that either Plaintiff made a claim and was denied coverage, Plaintiffs argue the policy was void as a matter of law.  This argument—repackaged from the original brief—fails.

As noted in the Court's order, the Florida Supreme Court's decision in *QBE Insurance Corp. v. Chalfonte Condominium Apartment Ass'n* establishes that an insurance policy is not void or "illegal" for failure to meet requirements of Florida's insurance code unless the Florida Legislature has expressly so provided.  94 So. 3d 541, 554 (Fla. 2012); s*ee also Lemy v. Direct Gen. Fin. Co.*, 885 F. Supp. 2d 1265, 1269 (M.D. Fla. 2012) ("[A]n unreported policy typically remains valid under Section 627.418.").  As recently noted in *Lemy*, the older authorities on which Plaintiffs rely for their argument that an insurance policy issued by an unauthorized insurer is void were superseded by the Florida Supreme Court's decision in *QBE*:  "Some authority holds that a contract which violates a statute typically becomes void. . . . But the Florida Supreme Court recently affirmed a more reasonable and more widely followed rule, which holds that a policy violating a section of the insurance code remains valid unless the code explicitly states that violating the section voids the policy."  *Id*. at 1272 (citations omitted).

Plaintiffs' quibbling with the Court's determination that Plaintiffs' preferred reading of the Florida statute would render the phrase "if such party is damaged" superfluous also fails as a matter of law.  (*See* Pls.' Mem. at 5.)  Florida's Fourth District Court of Appeal has held that section 624.155(2), the statute authorizing private actions for parties damaged by violations of Florida's authorization requirements, is available only to parties to insurance contracts—that is,

to insureds who have actually entered into contracts with insurers. *Bortell v. White Mountains Ins. Group*, 2 So. 3d 1041, 1045–46 (Fla. 4th DCA 2009). This belies Plaintiffs' arguments that someone might have a cause of action, but no "damage," if he or she did not actually enter into a contract for insurance. Without a contract, there is no private right of action. This is in harmony with the Court's holding in this case that to consider mere payment of premium "damage" cognizable under section 624.155(2) would be to render the "damage" requirement superfluous.

## II.     Plaintiffs Ignore the Bases on Which the Court Dismissed Their Claim for Unjust Enrichment.

As discussed above, Plaintiffs have provided no basis for altering the Court's conclusion that Plaintiffs' contracts govern the parties' dispute, precluding a claim for unjust enrichment. Further, Plaintiffs do not even address the alternative, independent bases on which the Court dismissed the unjust-enrichment claim—New York courts generally will not require return of sums previously paid for lack of a statutorily required license, and an unjust enrichment claim "cannot be used by the Plaintiffs to question the adequacy of a bargain that Plaintiffs believe in retrospect to have been a poor one." (Order at 18–19 (quoting *Kreiss v. McCown De Leeuw & Co.*, 131 F. Supp. 2d 428, 445 (S.D.N.Y. 2001)).) Plaintiffs' motion does not address these authorities, much less establish any "matters or controlling decisions" overlooked by the Court.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for reconsideration should be denied.

Dated: New York, New York
      October 28, 2013

Respectfully submitted,

SUTHERLAND ASBILL & BRENNAN LLP

By /s/ Robert D. Owen
      Robert D. Owen
      Ellen M. Dunn
      Valerie S. Sanders (*pro hac vice*)

The Grace Building, 40th Floor
1114 Avenue of the Americas
New York, New York 10036-7703
212.389.5000

999 Peachtree Street, NE, Suite 2300
Atlanta, Georgia 30309-3996
404.853.8000

*Attorneys for Defendants First Data
Corporation and First Data Merchant
Services Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed the foregoing document using the CM/ECF system, which will cause copies to be electronically served upon the following attorneys of record:

David Corey Katz
James E. Tullman
Joseph Harry Weiss
WEISSLAW LLP
1500 Broadway, 16th Floor
New York, NY 10036
212-682-3025
Fax: 212-682-3010
dkatz@weisslawllp.com
jtullman@weisslawllp.com
jweiss@weisslawllp.com

    /s/ Robert D. Owen
    Robert D. Owen